**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1732-WJM-BNB

JEFFREY R. EVANS,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE
UNDER 28 U.S.C. § 1404(A)**

---

    Plaintiff Jeffrey R. Evans ("Plaintiff") brings this action against his employer, Defendant Union Pacific Railroad Company ("Defendant"), under the provisions of the Federal Employers' Liability Act ("FELA"), 35 U.S.C. §§ 51 *et seq.*, to recover damages for spinal injuries suffered while working in the course and scope of his employment for Defendant.  (ECF No. 1.)  Before this Court is Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the District Court for the District of Wyoming sitting in Cheyenne (the "Motion").  (ECF No. 8.)  For the reasons set forth below, Defendant's Motion to Transfer Venue is denied.

## I.  BACKGROUND

    Plaintiff is a locomotive conductor who has worked for Defendant, a common carrier engaged in interstate transportation, for over thirty years.  (Compl. (ECF No. 1) ¶ 5; Resp. (ECF No. 13) at 3.)  Plaintiff worked a rail line that runs between Cheyenne, Wyoming and North Platte, Nebraska, and crosses into Colorado for nine miles on

every trip.  (Resp. at 3; ECF No. 14-1; Reply (ECF No. 14) at 2.)

Plaintiff filed his Complaint on July 1, 2013, alleging that he suffered personal injuries to his spine as a result of exposure to severe lateral shocks and jolts in the cab of one of Defendant's locomotives on December 5, 2012.  (Compl. ¶ 6.)  The injury occurred when Plaintiff was operating the locomotive in Wyoming.  (ECF No. 8-1.)  Plaintiff also alleges that he has suffered personal injuries after being subjected to repetitive and cumulative trauma due to Defendant's negligence.  (Compl. ¶ 7; Resp. at 3; ECF No. 14-1.)  Plaintiff is seeking monetary damages for Defendant's alleged FELA violations.  (*Id.*)

On October 11, 2013, Defendant filed a Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the District Court for the District of Wyoming sitting in Cheyenne.  (Motion (ECF No. 8.))  Plaintiff filed his Response in Opposition to Defendant's Motion on October 31, 2013 (ECF No. 13), and Defendant filed its Reply on November 12, 2013 (ECF No. 14).

This Motion is now ripe for resolution.

## II.  LEGAL STANDARD

Under FELA, venue is proper "in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."  45 U.S.C. § 56.  In this case, it is undisputed that Defendant does business in both Colorado and Wyoming and, therefore, venue is proper under FELA in both states.  Notwithstanding FELA's broad venue provision, however, cases brought under FELA may still be transferred pursuant to 28 U.S.C. § 1404(a).  See *Ex parte Collett*, 337 U.S. 55, 60–61 (1949).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. *See Chrysler Credit Corp. v. Cnty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

In ruling on a motion to transfer venue, district courts must assess whether the "competing equities" weigh in favor of adjudicating the case in that district. *See Hustler Magazine, Inc. v. U.S. Dist. Court*, 790 F.2d 69, 71 (10th Cir. 1986). The competing equities include the following factors:

> (1) plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). The decision to transfer venue, however, lies in the sole discretion of the district court and should be based on an "individualized, case-by-case consideration of convenience and fairness." *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "Unless the balance of the inconvenience is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Bailey v. Union Pac. R.R. Co.*, 364 F. Supp. 2d 1227, 1229 (D. Colo. 2005).

### III.  ANALYSIS

In support of its Motion, Defendant asserts that transfer to the District of Wyoming is appropriate because Plaintiff is not a resident of Colorado,[1] Plaintiff's injury occurred in Wyoming, the majority of Plaintiff's work was conducted in Wyoming, the majority of the evidence is locating in Wyoming, and most if not all of the fact witnesses reside in Wyoming.[2]  (Motion at 2; ECF No. 8-3 ¶¶ 4, 6, 7.)

"Although a plaintiff's chosen forum is generally given deference, courts have afforded 'little' weight to the plaintiff's choice when the plaintiff does not reside in the chosen forum and there is no significant connection between the chosen forum and the cause of action."  *Springer v. Union Pac. R.R. Co.*, 2009 WL 960720, at *2 (D. Colo. Apr. 8, 2009) (internal citations omitted).  Here, even though Plaintiff asserts that a substantial portion of his cumulative trauma injury occurred in Colorado (Compl. ¶ 7; Resp. at 3), the line Plaintiff worked only ran through Colorado for nine miles.  (Reply at 2; ECF No. 14-1.)  The Court, therefore, gives little deference to Plaintiff's choice of forum because he is a non-resident and his injuries have, at best, a tenuous connection to Colorado.  *See Michaels v. Union Pac. R.R. Co.*, 2007 WL 1832109, at *3 (D. Colo. June 22, 2007) (affording plaintiff's choice of forum little weight where his cumulative injury occurred on the same rail line at issue here); *Bailey*, 364 F. Supp. 2d at 1230.

---

[1] Although Plaintiff resided in Wyoming when he filed the Complaint, he subsequently moved to Nebraska.  (Reply at 2.)

[2] Defendant also argues that its Colorado counsel will be inconvenienced by having to conduct discovery in Wyoming.  (ECF No. 8 at 2.)  Defendant does not explain how its counsel will not continue to be inconvenienced if the entire case were to be transferred to Wyoming.  Regardless, the location and convenience of counsel is a not a relevant factor.  *Bailey*, 364 F. Supp. 2d at 1230.

The Court next turns to Defendant's argument that a substantial portion of the evidence is located in Cheyenne, Wyoming. (Motion at 7; ECF No. 8-3 ¶ 6.) Defendant has not attempted to explain, let alone substantiate, why these documents could not be sifted through in Cheyenne, and the probative ones shipped at relatively minor cost to Colorado for trial. *See Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (finding similar argument regarding out-of-district documents deficient). Therefore, the location of the files are afforded minimal significance. *See Bailey*, 364 F. Supp. 2d at 1231 ("[T]he location of plaintiff's files are of minimal significance."); *Cooksey v. Union Pac. R.R. Co.*, 2008 WL 4457863, at *3 (D. Colo. Oct. 2, 2008) ("[T]he location of the documentary evidence . . . is of minimal significance.").

The Court next turns to potential witnesses who reside in either Colorado or Wyoming to determine whether Defendant has met its burden of proving that the balance of inconvenience is strongly in its favor.[3] With respect to accessibility of witnesses, to discharge his burden a defendant must set out the substance of the evidence of the inconvenienced witness so the court may consider the materiality of that witness's testimony. *See Springer*, 2009 WL 960720, at *2 (citation omitted).

As to Defendant's witnesses residing in Wyoming, Defendant merely states that all of Plaintiff's supervisors, as well as the witnesses to Plaintiff's alleged accident, all work and reside in Cheyenne, Wyoming. (ECF No. 8-3 ¶ 7.) Defendant has provided no evidence indicating "the quality of materiality of the testimony of said witnesses, nor

---

[3] Both Plaintiff and Defendant reference potential witnesses who reside in Nebraska. (ECF Nos. 8 at 2, 13 at 4.) These potential witnesses have no impact on the venue transfer analysis. *See Michaels*, 2007 WL 1832109, at *3 (citing *Bailey*, 364 F. Supp. 2d at 1231).

has Defendant shown that any such witnesses were unwilling to come to trial in [Denver]; that deposition testimony would be unsatisfactory; or that use of compulsory process would be necessary." *Scheidt*, 956 F.2d at 966 (brackets omitted).  This "meager showing" fails to demonstrate the requisite inconvenience of Defendant's witnesses.  *See id.*

As to Plaintiff's potential witnesses, Defendant points to several medical witness who reside and practice in Cheyenne, Wyoming.  (Motion at 7; ECF No. 8-3 ¶ 4.) Defendant argues that these witnesses cannot be compelled to testify because they reside outside the one hundred mile territorial limit of this District's compulsory service of process.  (Motion at 7.)  In response, Plaintiff points to a number of potential witnesses who reside in Colorado including Dr. Kleiner, Plaintiff's principal treating physician.  (Resp. at 3-4.)  While Dr. Kleiner's location is not controlling, it does support Plaintiff's choice of venue in Colorado.  *See Michaels*, 2007 WL 1832109, at *5.  Given the presence of potential witnesses with allegedly relevant information in both Colorado and Wyoming, transfer of venue is inappropriate in this case.  *Id.* (finding inconvenience not strongly in the defendant's favor where fact witnesses resided in Colorado).

Accordingly, the Court finds that the balance of factors weighs in favor of Plaintiff.[4]  Here, the convenience of the witnesses and the availability of compulsory

---

[4] Additionally, this Court has previously taken judicial notice of the fact that "the distance between Denver, Colorado, the location of this Court, and Cheyenne, Wyoming, the location of the District Court for the District of Wyoming, and where many of Union Pacific's potential witnesses work and/or reside, is 100 miles."  *Hall v. Union Pac. R.R. Co.*, 2006 WL 1041718, at *2 (D. Colo. Apr. 19, 2006).  Due to the relative proximity of the two courts, the Court finds that trying this case in Denver will not be excessively burdensome to Defendant or Defendant's witnesses.

process to insure their attendance were the most compelling factors.  *See Michaels*, 2007 WL 1832109, at *3 (citing *Bailey*, 364 F. Supp. 2d at 1230 (D. Colo. 2005).  Since Defendant failed to meet its burden of proving that inconvenience of the witnesses was strongly in its favor, Plaintiff's choice of forum will not be disturbed.  *See Bailey*, 364 F. Supp. 2d at 1229 ("Unless the balance of the inconvenience is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."); *Michaels*, 2007 WL 1832109, at * 5 ("[T]o meet its burden, Union Pacific must show that the balance of the inconvenience is strongly in its favor.").

## IV.  CONCLUSION

Accordingly, Defendant's Motion to Transfer Venue (ECF No. 8) is DENIED.

Dated this 1st day of April, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge