**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1732-WJM-BNB

JEFFREY R. EVANS,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

---

**ORDER STRIKING AS UNTIMELY DEFENDANT'S MOTION
FOR PARTIAL DISMISSAL PURSUANT TO RULE 12(b)(1)**

---

Plaintiff Jeffrey R. Evans ("Plaintiff") brings this action against his employer, Defendant Union Pacific Railroad Company ("Defendant"), under the provisions of the Federal Employers' Liability Act ("FELA"), 35 U.S.C. §§ 51 *et seq.*, to recover damages for spinal injuries allegedly suffered while working in the course and scope of his employment for Defendant. (ECF No. 1.) This matter is set for a five-day jury trial to commence on May 11, 2015, with a Final Trial Preparation Conference on April 29, 2015. (ECF Nos. 37 & 39.) Before this Court is Defendant's Motion and Brief for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Motion"). (ECF No. 40.) For the reasons set forth below, Defendant's Motion is stricken as untimely.

**I. DISCUSSION**

Plaintiff is a locomotive conductor who has worked for Defendant, a common carrier engaged in interstate transportation, for over thirty years. (Compl. (ECF No. 1) ¶ 5.) On July 1, 2013 Plaintiff filed his Complaint alleging that he suffered spinal

injuries, both as a result of exposure to severe lateral shocks and jolts in the cab of one of Defendant's locomotives on December 5, 2012, and as a result of repetitive and cumulative trauma.  (Compl. ¶¶ 6–7.)

On October 21, 2013, a Scheduling Order was entered which set a May 21, 2014 deadline for dispositive motions.  (ECF No. 12 at 10.)  Two subsequent amendments to the scheduling order did not affect the dispositive motions deadline, and no dispositive motions were filed by that date.  (ECF Nos. 17 & 20.)  On July 21, 2014, a Final Pretrial Order was entered which listed no anticipated dispositive motions from either party. (ECF No. 36 at 8.)

Nevertheless, on March 10, 2015, Defendant filed the instant Motion seeking dismissal of the cumulative injury portion of Plaintiff's FELA claims pursuant to Rule 12(b)(1).  (ECF No. 40.)  Plaintiff filed a response on March 31, 2015, noting a lack of clarity in this Circuit as to whether the statute of limitations in a FELA case is a jurisdictional prerequisite to suit.  (ECF No. 41 at 11.)  On April 14, 2015, Defendant filed its reply, arguing that the Fifth Circuit definitively established that FELA's statute of limitations is jurisdictional.  (ECF No. 46 at 5-7 (citing *Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112, 1117 (5th Cir. 1983)).)

As is apparent from the procedural history set forth above, Defendant's Motion is patently untimely under the Scheduling Order.  However, by moving under Rule 12(b)(1), Defendant has framed its challenge to Plaintiff's cumulative trauma claim as a challenge to this Court's subject matter jurisdiction, and such a challenge may be raised at any time.  *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 131 S. Ct. 1197, 1202 (2011).  Thus, whether Defendant's Motion may be stricken as untimely or

whether the Court must consider the Motion's merits depends on whether it truly raises a jurisdictional question. (*See* ECF No. 12 at 10.)

The U.S. Supreme Court has "urged that a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction." *Henderson*, 131 S. Ct. at 1202. "[T]he Court ha[s], in particular, explained time and again that statutes of limitations are not always—and, indeed, presumptively are *not*—jurisdictional." *Barnes v. United States*, 776 F.3d 1134, 1145–46 (10th Cir. 2015) (emphasis in origina) (citing *Sebelius v. Auburn Reg'l Med. Ctr.*, __ U.S. __, 133 S. Ct. 817, 824 (2013)); *see also Henderson*, 131 S. Ct. at 1203 ("Among the types of rules that should not be described as jurisdictional are what we have called 'claim-processing rules.' . . . Filing deadlines . . . are quintessential claim-processing rules."). However, because Congress may specify a filing deadline as a jurisdictional condition, the Court must determine whether Congress so intended in the statute at issue here. *Barnes*, 776 F.3d at 1146 (citing *Auburn Reg'l*, 133 S. Ct. at 824). If the statute contains a "'clear' indication that Congress wanted the rule to be 'jurisdictional,'" whether through direct language or through similar treatment of a parallel requirement, the jurisdictional indication will govern. *Henderson*, 131 S. Ct. at 1203. "[A]bsent such a clear statement, [the Supreme Court] ha[s] cautioned, 'courts should treat the restriction as nonjurisdictional in character.'" *Auburn Reg'l*, 133 S. Ct. at 824 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006)).

The parties' briefing on this question ignores the Supreme Court's prescribed test for determining whether a statute of limitations is jurisdictional, focusing instead on

the related question of whether the statute of limitations is an affirmative defense that must be asserted by a defendant, or whether it is an element of the plaintiff's case. (*See* ECF Nos. 41 at 11–12; 46 at 5–7.) This latter question is easily resolved, as the Tenth Circuit has explicitly held that a FELA plaintiff bears the burden of proving that his claim was filed within the statute of limitations. *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1235 (10th Cir. 2001). Accordingly, the statute of limitations is an element of a FELA plaintiff's *prima facie* case, not an affirmative defense that may be waived if not timely asserted by a defendant.

However, this does not answer the question at issue here, namely whether a plaintiff's failure to file a FELA claim within the statute of limitations deprives the trial court of federal jurisdiction. Defendant relies on *Emmons*, arguing that the Fifth Circuit has held that the FELA limitations period is a jurisdictional condition, but *Emmons* contains no such explicit holding; rather, the Fifth Circuit established only that compliance with the limitations requirement is an element of the claim rather than an affirmative defense. 701 F.2d at 1117–18. The statutory provision at issue, 45 U.S.C. § 56, both discusses the limitations period and explains that federal courts shall have jurisdiction, but it does not indicate that the limitations period is jurisdictional in character. *Compare* 45 U.S.C. § 56 *with* 28 U.S.C. § 2401 (stating jurisdictional time limit for waiver of sovereign immunity in tort claims against the United States). In short, neither party has cited any clear indication by Congress that the FELA limitations period was intended to be jurisdictional, and the Court has found none. Accordingly, pursuant to the test articulated in *Auburn Regional*, the Court must treat the limitations period as

nonjurisdictional in character.  133 S. Ct. at 824.

Because FELA's limitations period is not jurisdictional, Defendant's challenge under that statute of limitations was subject to the Scheduling Order's dispositive motions deadline.  (ECF No. 12 at 10.)  The instant Motion was filed nearly ten months after that deadline, and therefore it shall be stricken as untimely.  The statute of limitations issue will remain a question to be determined at trial.

However, the parties' briefs have made clear that this issue merits particular attention in this case.  Accordingly, the parties shall restate their positions on the statute of limitations issue in trial briefs, to be filed on or before May 4, 2015, and which the Court will consider in ruling on the issue at trial.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion and Brief for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 40) is hereby STRICKEN.  The parties shall file simultaneous trial briefs on the statute of limitations issue on or before May 4, 2015.

Dated this 21st day of April, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge