**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-1732-WJM-BNB

JEFFREY R. EVANS,

Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

---

**ORDER ON MOTIONS *IN LIMINE***

---

Plaintiff Jeffrey R. Evans ("Plaintiff") brings this action under the Federal Employers' Liability Act ("FELA"), 35 U.S.C. §§ 51 *et seq.*, to recover damages for spinal injuries allegedly suffered while working in the course and scope of his employment for Defendant Union Pacific Railroad Company ("Defendant"). (ECF No. 1.) This matter is set for a five-day jury trial to commence on May 11, 2015, with a Final Trial Preparation Conference on April 29, 2015. (ECF Nos. 37 & 39.) This matter is before the Court on each party's Motion *in Limine* ("Plaintiff's Motion" and "Defendant's Motion," respectively). (ECF Nos. 42 & 44.) For the reasons set forth below, both Motions are granted in part and denied in part.

## I. ANALYSIS

Plaintiff's Motion seeks to preclude the following evidence from being admitted at trial: (1) any evidence of an "assumption of risk" defense; (2) Plaintiff's receipt of benefits from the Railroad Retirement Board; and (3) evidence supporting

apportionment of Plaintiff's damages based on genetics or preexisting conditions. (ECF No. 42.) Defendant's Motion begins with a series of stipulations to exclude certain evidence, and then seeks to preclude introduction of the following evidence: (1) allegations of negligent or defective design of locomotive seats; (2) evidence of claims or unrelated injuries by employees other than Plaintiff; (3) evidence regarding Defendant's ergonomic training program or lack thereof; (4) evidence that FELA is Plaintiff's exclusive remedy; (5) evidence that Plaintiff gave "a number of years," or "the best years," of his life to working for Defendant; (6) evidence regarding intimidation or threats of discharge; and (7) expert evidence related to Plaintiff's cumulative injury claim. (ECF No. 44 at 2–6.) Defendant then reiterates its position regarding the admissibility of evidence regarding apportionment based on preexisting conditions and evidence of Plaintiff's Railroad Retirement benefits. (*Id.* at 6–8.) The Court will address each category of evidence in turn.

**A. Assumption of Risk**

Plaintiff seeks to preclude the admission of evidence and related argument that Plaintiff assumed the risks of his employment with Defendant. (ECF No. 42 at 1-4.) The parties do not dispute that assumption of risk is a statutorily prohibited defense under FELA. *See Tiller v. Atl. Coast Line R.R.*, 318 U.S. 54, 58 (1943); 45 U.S.C. § 54. However, Plaintiff argues that Defendant will attempt to introduce impermissible assumption of risk evidence under the guise of the doctrine of contributory negligence. (ECF No. 42 at 2.) Specifically, Plaintiff claims that Defendant will seek to introduce evidence of its "empowerment" safety rules, under which employees are required to "take the safe course" and are "empowered" to exercise their own judgment to avoid

unsafe tasks. (*Id.* at 2–3.)

Defendant correctly notes that FELA contains a contributory negligence provision such that an employee's "damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee . . . ." 45 U.S.C. § 53. It is clear, therefore, that evidence of any contributory negligence by Plaintiff is a necessary component of evaluating Plaintiff's claim, and may not be excluded. However, courts have distinguished between these two doctrines by noting that evidence of contributory negligence is that which shows "a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist," as opposed to evidence of assumption of risk, which is "an employee's voluntary, knowledgeable acceptance of a dangerous condition that is necessary for him to perform his duties." *Taylor v. Burlington N. R.R. Co.*, 787 F.2d 1309, 1316 (9th Cir. 1986).

Furthermore, and particularly with regard to the type of evidence Defendant seeks to introduce, the Court notes that the Tenth Circuit has distinguished between violations of "specific, objective safety rules," which may constitute negligence *per se*, and violations of general safety rules which are "not specific enough to supply a standard the jury could apply." *Green v. Denver & Rio Grande W. R.R. Co.,* 59 F.3d 1029, 1034 (10th Cir. 1995). The Tenth Circuit held that a proposed jury instruction was improper because it "fail[ed] to limit the jury to consideration of specific, objective safety rules," and instead "would allow a finding of negligence without requiring the jury to find the rule violation contributed to the injury." *Id.* While *Green* was concerned with the employer's violation of a safety rule as evidence of its negligence, the Tenth

Circuit's holding applies equally to evidence of an employee's violation of a safety rule as evidence of contributory negligence.

Accordingly, the Court declines to exclude all evidence of Defendant's "empowerment" safety rules, but notes that Defendant will not be permitted to introduce evidence that Plaintiff assumed an inherent risk merely by performing his duties, nor will Defendant be entitled to an instruction that Plaintiff's violation of a safety rule may be considered in evaluating contributory negligence unless that safety rule is both specific and objective. Plaintiff's Motion as to assumption of risk is therefore granted in part and denied in part.

**B. Railroad Retirement Board Benefits**

Plaintiff's Motion seeks to preclude the admission of evidence related to his receipt of disability or retirement benefits under the Railroad Retirement Act ("RRA"), 45 U.S.C. §§ 231 *et seq.* (ECF No. 42 at 4–5.) Plaintiff argues that, pursuant to *Eichel v. New York Central Railroad Co.*, 375 U.S. 253 (1963), such evidence is barred by the collateral source rule. (*Id.*) Defendant disputes that Plaintiff's receipt of RRA benefits constitutes collateral source income, and argues that the evidence of RRA benefits is admissible to establish malingering. (ECF No. 56 at 2–3.) Defendant relies on, *e.g.*, *McGrath v. Conrail,* 136 F.3d 838, 841 (1st Cir. 1998), and others following it, which consider *Eichel* to be a guideline rather than a *per se* rule eliminating a trial judge's discretion as to such evidence. (*Id.* at 3 nn. 2–3.)

The Court declines to follow Defendant's out-of-circuit citations, as the Tenth Circuit has conclusively held that RRA benefits are subject to the collateral source rule.

*Green*, 59 F.3d at 1032–33 (holding that *Eichel* "compels the conclusion that the collateral source rule prohibits admission of RRA disability benefits in a FELA case"). "The narrow issue in *Eichel* was whether evidence of RRA disability payments was admissible to show malingering by the plaintiff. The Supreme Court stated that 'the likelihood of misuse by the jury clearly outweighs the value of this evidence' and noted that it had 'recently had occasion to be reminded that evidence of collateral benefits is readily subject to misuse by a jury.'" *Id.* (quoting *Eichel*, 375 U.S. at 255). The Court must follow Tenth Circuit precedent. Therefore, the Court will preclude the admission of evidence of Plaintiff's receipt of RRA benefits pursuant to the collateral source rule.

However, Plaintiff also seeks to preclude evidence that Plaintiff could have obtained full pension benefits at age 60 if he had not already left Defendant's employ due to his injury, arguing that this evidence also violates the collateral source rule. (ECF No. 42 at 5.) Plaintiff does not explain how evidence of the hypothetical possibility of retirement constitutes impermissible evidence of a receipt of benefits from a collateral source. Plaintiff's subsequent assertions that such evidence is "speculative and unfairly prejudicial" are unsupported and conclusory. (*Id.*) Accordingly, the Court declines to exclude this evidence at this time.

**C. Apportionment**

Finally, Plaintiff's Motion seeks to preclude the admission of evidence related to any preexisting conditions or genetics which might have made him more susceptible to injury. (ECF No. 42 at 5–6.)

Plaintiff first asserts—without support—that because there has been no genetic testing or identification of genetics experts in this case, such evidence may not be admitted. (*Id.*) The Court is aware of no requirement for genetic testing or similar genetics expert testimony in order to introduce medical evidence of this type, nor does Plaintiff cite any authority for such a proposition. The Court therefore declines to exclude this evidence on that basis.

However, Plaintiff also argues that evidence of preexisting conditions may not be admitted because apportionment of injuries, other than for contributory negligence, is impermissible. (*Id.* at 6–8.) Defendant argues that Plaintiff misstates the law, and apportionment of damages is appropriate in a FELA case where only a portion of an employee's injuries were caused by the employer's negligence. (ECF No. 56 at 3–4.)

The Court agrees with Defendant that Plaintiff has misrepresented the law on apportionment in a FELA case. Plaintiff cites *Norfolk and Western Railway Co. v. Ayers*, 538 U.S. 135, 159–60 (2003), arguing that it does not permit "the apportionment of damages between railroad and nonrailroad causes." (ECF No. 42 at 7.) However, the cited passage of *Ayers* refers to the holding that a railroad employer's liability extends to all negligence that may cause its employees injury, not only that negligence related to the railroad itself. *Ayers*, 538 U.S. at 159–60. "*Ayers* is by no means dispositive as to admissibility of evidence of an employee's preexisting medical condition for damages purposes." *Rust v. Burlington N. & Santa Fe Ry. Co.*, 308 F. Supp. 2d 1230, 1231 (D. Colo. 2003). Indeed, the Tenth Circuit previously approved a jury instruction stating as follows:

> If you find for the Plaintiff, you should compensate him for any aggravation of an existing disease or physical defect resulting from such injury. If you find that there was an aggravation, you should determine, if you can, what portion of the Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

*Sauer v. Burlington N. R.R. Co.*, 106 F.3d 1490, 1494 (10th Cir. 1996). This supports the Court's finding that evidence of a FELA plaintiff's preexisting condition is admissible, and apportionment based on such a condition is appropriate where the evidence supports it. *See Rust*, 308 F. Supp. 2d at 1231 (citing *Sauer*).

Accordingly, the Court denies Plaintiff's Motion to the extent that it seeks to preclude all evidence of Plaintiff's medical predisposition or preexisting conditions which may have contributed to his injuries.

**D. Stipulations**

Defendant's Motion contains six evidentiary stipulations to exclude evidence or argument in the following categories: (1) income tax, gross wages, and fringe benefits; (2) the Congressional intent for enacting FELA; (3) the jury as a safety advocate; (4) the size, wealth, or state of residence of Defendant; (5) inherent unsafeness or dangerousness of the railroad industry; and (6) requests that the jury speculate as to an appropriate remedy if they were in Plaintiff's shoes. (ECF No. 44 at 1–2.) Plaintiff agrees not to introduce such evidence, except to the extent that the door is opened by Defendant. (*Id.* at 1.) Given the parties' stipulation, the Court sees no need for any ruling finding such evidence inadmissible, and Defendant's Motion is denied as moot as

to these stipulations.

**E. Negligent or Defective Design of Locomotive Seats**

Defendant seeks to exclude any evidence that its locomotive seats were negligently or defectively designed on the basis that such a claim is preempted by the Locomotive Inspection Act ("LIA"). (*Id.* at 2–3.) The Supreme Court has explicitly held that "the LIA 'manifests the intention to occupy the entire field of regulating locomotive equipment,'" and that state statutes and common law duties applying to the regulation of locomotive equipment are therefore preempted. *Kurns v. R.R. Friction Prods. Corp.*, __ U.S. __, 132 S. Ct. 1261, 1266 (2012) (quoting *Napier v. Atl. Coast Line R.R. Co.*, 272 U.S. 605, 611 (1926)).

Plaintiff argues that the LIA does not preempt a FELA claim injured by a railroad employer's negligence, even if that claim deals with negligently maintained locomotive equipment. (ECF No. 55 at 1–2.) The Court agrees; to hold otherwise would improperly bar any FELA claim connected to locomotive equipment. As the Third Circuit has recently stated, "[t]he LIA supplements the FELA 'by imposing on interstate railroads an absolute and continuing duty to provide safe equipment' and has the 'purpose and effect of facilitating employee recovery.'" *Del. & Hudson Ry. Co. v. Knoedler Mfrs., Inc.*, 781 F.3d 656, 659 (3d Cir. 2015) (quoting *Urie v. Thompson,* 337 U.S. 163, 188–89 (1949)). "[*Napier* and *Kurns*] were explicit in holding, and only holding, that a state may not impose its own duties and standards of care on the manufacture and maintenance of locomotive equipment." *Id.* at 662.

Furthermore, the Court notes that Defendant's Motion is aimed only at a

defective design claim, not—as Plaintiff claims he is "largely" asserting here—a claim that Defendant failed to properly maintain its locomotive equipment. The Court agrees that any defective design claim is preempted by the LIA, and evidence of such a design claim is precluded to whatever extent that Plaintiff seeks to assert it. However, Defendant has provided no authority for a finding that evidence supporting a FELA claim based on Defendant's allegedly negligent maintenance of locomotive equipment is inadmissible pursuant to the LIA, particularly given the "supplement[al]" relationship between the two statutes. *See Del. & Hudson*, 781 F.3d at 659.

Accordingly, the Court grants in part Defendant's Motion as to any evidence supporting a defective design claim, but denies the Motion as to the negligent maintenance theory presented by Plaintiff.

**F. Unrelated Claims or Injuries**

Defendant seeks to preclude evidence of injuries or unsafe workplace conditions experienced by employees other than Plaintiff, arguing that such evidence is irrelevant and inadmissible, "even when offered to establish notice." (ECF No. 44 at 4.)

Defendant cites various cases, but fails to explain how they support its position. (*Id.* (citing *Johnson v. Ford Motor Co.,* 988 F.2d 573, 579 (5th Cir. 1993); *Roberts v. Harnischfeger Corp.,* 901 F.2d 42, 44–45 (5th Cir. 1989); *Uitts v. Gen. Motors Corp.,* 411 F. Supp. 1380, 1382 (E.D. Pa. 1974); *Hoffman v. Ford,* 2009 WL 814298 (D. Colo. Mar. 23, 2009).) Instead, Defendant's cited authority is either irrelevant to its argument, or supports the finding that evidence of other employees' injuries, complaints, or claims may be admissible to prove notice where such evidence is sufficiently similar to the

condition or injury at issue. *See Johnson,* 988 F.2d at 579 (must be "closely similar" to be admissible for purpose other than notice; need only show "reasonable similarity" if offered solely to show notice); *Roberts,* 901 F.2d at 44–45 (deals with hearsay, not asserted here); *Uitts,* 411 F. Supp. at 1382 (same); *Hoffman,* 2009 WL 814298, at *1 (noting that "courts routinely permit the introduction of substantially similar acts to demonstrate notice").

Accordingly, the Court finds that Defendant has failed to show that evidence of other employees' claims, injuries, or conditions is inadmissible here, and denies Defendant's Motion as to that evidence.

**G. Ergonomic Training**

Defendant moves to exclude any evidence that Plaintiff received inadequate ergonomic or safety training, arguing—without support—that such a claim is preempted by the Federal Railroad Administration standards concerning training. (ECF No. 44 at 4–5.) Defendant cites an unpublished case from the Northern District of Indiana regarding a plaintiff's assertion that an ergonomic program should have been provided. (*Id.* (citing *Wilcox v. CSX Transp.*, 2007 WL 1576708, at *15[1] (N.D. Ind. May 30, 2007)).) However, *Wilcox* does not hold that such evidence is preempted or is otherwise inadmissible as such; rather, the court found that the question of an

---

[1] As with numerous other occasions throughout its briefs, Defendant failed to include a pincite when citing this authority, in direct violation of D.C.COLO.LCivR 7.1(e) ("Every citation in a motion, response or reply shall include the specific page or statutory subsection to which reference is made."). While Defendant's use of a quotation here permitted the Court to identify the particular page, on other occasions Defendant's inadequate citations have required the Court to expend additional resources in an attempt to locate the relevant text. Defendant is advised that any future failure to comply with this District's Local Rules may result in portions of its briefs being stricken.

ergonomic program was not at issue in the case and would therefore be confusing to the jury. 2007 WL 1576708, at *15. As Defendant has presented no authority or argument establishing preemption, the Court denies Defendant's Motion on that basis.

In response, Plaintiff cites another unpublished case, from the Eastern District of Arkansas, which distinguished *Wilcox*. (ECF No. 55 at 3 (citing *Graham v. Union Pac. R.R. Co.*, 2008 WL 4418930, at *1 (E.D. Ark. Sept. 30, 2008)).) *Graham* explained that "[e]rgonomics evidence in *Wilcox* could have confused a jury because the real issue in that case was the type of ballast used, not the absence of ergonomic training. Either the ballast was improper or it was not, and whether an ergonomics program had been implemented had no bearing on that issue." 2008 WL 4418930, at *2. In contrast, the court noted that the *Graham* plaintiff was prepared to offer expert testimony that the lack of an ergonomic program made the plaintiff's injury more likely, as well as evidence tending to show that the employer should have known about the potential risk resulting from a failure to implement such a program. *Id.* As a result, the evidence was relevant and not inadmissible on the same basis as in *Wilcox*. *Id.*

The Court agrees with the analysis of *Wilcox* as set forth by the Eastern District of Arkansas, and concludes that Defendant's citation to *Wilcox* only supports its Motion if Plaintiff fails to present any evidence linking his injury to the lack of an ergonomic program. Accordingly, the Court denies the Motion as to this evidence, and holds that evidence of Defendant's lack of an ergonomic program may be admissible if Plaintiff shows that it is relevant. Fed. R. Evid. 401 ("relevant evidence" means evidence having "any tendency to make a fact more or less probable than it would be without the

evidence; and [] the fact is of consequence in determining the action.”).

**H. Exclusive Remedy**

Defendant moves to exclude any evidence that Plaintiff’s FELA claim is his exclusive remedy, and that he is not eligible for workers’ compensation benefits. (ECF No. 44 at 5.) Defendant cites Federal Rules of Evidence 401, 402, and 403, as well as a case from the Fourth Circuit in which a trial court’s decision to exclude such evidence was affirmed on the basis that such evidence was irrelevant and prejudicial to the employer. *Stillman v. Norfolk & W. Ry. Co.*, 811 F.2d 834, 838 (4th Cir. 1987) (“[W]e note that defendants in FELA cases are not permitted to inform the jury that a plaintiff has received benefits from a collateral source. We perceive no reason for a different rule when the plaintiff in a FELA case seeks to inform the jury of the absence of benefits from a collateral source.” (internal citations omitted)).

In response, Plaintiff argues that the jury will improperly assume that Plaintiff is eligible for workers’ compensation, and that excluding such evidence will prejudice Plaintiff. (ECF No. 55 at 4.) However, Plaintiff cites no authority for admitting such evidence, and Plaintiff has made no argument in support of its relevance here. The Court is persuaded by the Fourth Circuit’s reasoning in *Stillman*, and concludes that evidence of FELA’s status as Plaintiff’s exclusive remedy and his ineligibility for worker’s compensation would have minimal probative value and its admission would be unfairly prejudicial to Defendant. Fed. R. Evid. 403 (“The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice.”). Accordingly, the Court grants Defendant’s Motion as to this evidence.

**I. Plaintiff Gave Defendant the "Best Years of His Life"**

Defendant next seeks to preclude the introduction of evidence that Plaintiff gave "a number of years of his life" or "the best years of his life" to working for Defendant, or that he "incurred an injury for this company." (ECF No. 44 at 5–6.) Defendant argues that such statements are irrelevant and unfairly prejudicial. (*Id.* (citing Fed. R. Evid. 401, 402, 403; *Standard Oil Co. of Cal. v. Perkins*, 347 F.2d 379 (9th Cir. 1965)[2]).) However, Defendant fails to explain how evidence of the duration of time that Plaintiff worked for it, or the fact that Plaintiff's 40-year tenure with Defendant covered the prime years of his adulthood, would be unfairly prejudicial.

The Court agrees with Plaintiff's assertion that such evidence consists of factual statements providing background information regarding Plaintiff's employment. (*See* ECF No. 55 at 4.) As Defendant has failed to show that evidence of Plaintiff's working "the best years of his life" for Defendant is inadmissible, the Court denies Defendant's Motion as to this evidence.

**J. Intimidation or Threats of Discharge**

Defendant seeks to preclude the introduction of evidence of that Plaintiff or any other employee of Defendant felt intimidated or threatened for reporting an injury, arguing that it would be untrue because there is no such evidence, and that it would be irrelevant and unfairly prejudicial. (ECF No. 44 at 6.) As Defendant asserts that no such evidence exists, it is perplexing why Defendant seeks to exclude it. Furthermore,

[2] Defendant again fails to cite any specific page of this case, and the Court declines to spend its time combing through the cited authority to identify some way in which it supports Defendant's argument.

the Court has considered Defendant's argument and cited authority and Plaintiff's argument in response, and concludes that neither party has sufficiently briefed this issue to permit the Court to issue a ruling. (*See id.*; ECF No. 55 at 4.)

Accordingly, the Court defers ruling on Defendant's Motion as to evidence of threats of discharge or intimidation, and will consider the matter when it arises at trial.

**K. Cumulative Injury Expert Opinions**

Finally, Defendant moves to exclude the opinions of Plaintiff's experts as to Plaintiff's cumulative injury claim, based on the presumption that the Court would grant Defendant's Motion to Dismiss as to that claim. (ECF No. 44 at 6.) However, on April 21, 2015, the Court struck as untimely Defendant's Motion to Dismiss. (ECF No. 57.) Defendant has presented no other argument for excluding Plaintiff's expert testimony as to his cumulative injury claim. Therefore, the Court denies Defendant's Motion as to this evidence.

## II. CONCLUSION

In accordance with the foregoing, the Court ORDERS that Plaintiff's Motion *in Limine* (ECF No. 42) is GRANTED IN PART and DENIED IN PART, and Defendant's Motion *in Limine* (ECF No. 44) is GRANTED IN PART and DENIED IN PART. It is further ORDERED that the following evidence will be inadmissible at trial:

1. Evidence that Plaintiff assumed the risk of his employment;
2. Evidence regarding Plaintiff's receipt of Railroad Retirement Board benefits;
3. Evidence relating to the defective design of locomotive equipment rather than negligent maintenance of such equipment; and

4. Evidence that Plaintiff's FELA claim is his exclusive remedy and he is not eligible for workers' compensation benefits.

Dated this 29th day of April, 2015.

BY THE COURT:

______________________________
William J. Martínez
United States District Judge